U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 30 2012
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| E. TODD TRACY, ET UX., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-174-A |
| | § | |
| CHUBB LLOYDS INSURANCE COMPANY | § | |
| OF TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER DISMISSING CERTAIN PARTIES
AND DENYING MOTION TO REMAND

I.

Background

This action originally was filed in the District Court of Dallas County, Texas, 101st Judicial District, by E. Todd Tracy and Amanda A. Tracy as plaintiffs and Chubb Lloyds Insurance Company of Texas ("Chubbs"), William Marx ("Marx"), Buchanan Clarke Schlader, LLP ("BCS"), and Kurt Harms ("Harms") as defendants. It was removed by Chubb to the Dallas Division of this court by notice of removal filed February 6, 2012. Chubb asserted diversity jurisdiction based on complete diversity between plaintiffs, who are citizens of Texas, and Chubb, an unincorporated association whose underwriters all are citizens of a state other than Texas. Marx, BCS, and Harms all are citizens of Texas. Chubb alleged in its notice of removal that Marx, BCS,

and Harms all were improperly joined as defendants for the purpose of defeating this court's diversity jurisdiction.

The judge presiding over the case in the Dallas Division transferred venue of the action to the Fort Worth Division, where it was assigned to the docket of the Honorable Terry Means. Judge Means transferred the action to the undersigned because of the pendency before the undersigned of a related action, involving essentially the same controversies between plaintiffs and Chubb that exists in the instant action.

A.  The Motion to Remand

Before the transfer from the Dallas Division to the Fort Worth Division, plaintiffs filed their motion to remand, urging that the defendants who are citizens of Texas were properly joined and that, therefore, this court lacks diversity jurisdiction, considering that plaintiffs likewise are citizens of Texas. Chubb has filed a response in opposition to the motion to remand, persisting in its argument that the non-diverse defendants were improperly joined in this action.

Chubb maintains that plaintiffs' pleading fails to state a claim upon which relief could be granted against the non-diverse defendants. Specifically, Chubb maintains that the claims against the non-diverse defendants either are not legally cognizable claims or, to the extent any such claim is

theoretically viable, plaintiffs' pleading nevertheless fails to plead facts that provide reasonable basis for the court to conclude that plaintiffs might recover against any non-diverse defendant.

B.  Marx's Motion to Dismiss

Marx has filed a motion to dismiss pursuant to Rules 12(b)(6) and (9) of the Federal Rules of Civil Procedure, to which plaintiffs have responded.

C.  The Motion to Dismiss of BCS and Harms

On February 27, 2012, BCS (using the name "Buchanan Clarke Schlader Certified Public Accountants, L.L.P.") and Harms filed their motion to dismiss pursuant to the authority of Rule 12(b)(6) and their brief in support of the motion. Plaintiffs failed to respond to the motion to dismiss filed by BSC and Harms. Instead, on March 16, 2012, plaintiffs, BCS, and Harms filed their joint stipulation of dismissal in accordance with Rule 41 of the Federal Rules of Civil Procedure, stipulating that plaintiffs dismiss BCS and Harms from the action with prejudice. Because that stipulation had the effect of eliminating BCS and Harms as defendants in the action, the court focuses in this memorandum opinion and order on the issue of whether Marx was improperly joined and/or should be dismissed.

II.

Analysis

A. **Applicable Standards for Determining Improper Joinder and Merits of Rule 12(b)(6) Motion**

   1. Improper Joinder Standard

   In <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit made important rulings that bear upon the resolution of a claim of improper joinder. There are two ways to establish improper joinder, one of which is "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Id.</u> at 573 (internal quotation marks omitted). Chubb relies on plaintiffs' inability to establish a cause of action against the resident defendants in support of its claim of improper joinder. A resolution of Chubb's contention in its favor would require a conclusion that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against [the] in-state defendant[s]." <u>Id.</u> One of the ways to resolve that issue is for the court to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." <u>Id.</u>

2.  <u>Rule 12(b)(6) Standard</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts

pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Twombly</u>, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

B. <u>Applying the Standards to Plaintiffs' Pleading</u>

Plaintiffs' complaint (referred to as filed in the state court as a "petition") is basically a suit against Chubb claiming that Chubb owes them insurance benefits under a contract of insurance between plaintiffs and Chubb that provided physical damage insurance coverage to plaintiffs' home located in Southlake, Texas. The pleading alleges that Marx was an insurance adjuster who was involved in handling the adjustment of plaintiffs' claims against Chubb. Broad, conclusory allegations are made by plaintiffs against Marx, including allegations suggesting that Marx had a contractual obligation to make payments under the insurance policy to plaintiffs. The overall allegations of the pleading make clear that Marx was simply an adjuster, and was not a party to the insurance company, and that he had no payment obligation to plaintiffs. The true claim of plaintiffs is that Chubb owes them much more money than Chubb has paid for the damage plaintiffs claim that their property

suffered. Allegations are made in the pleading that Chubb and Marx failed to make prompt payment of plaintiffs' claims, and similar-type allegations, implying that Marx had some kind of payment obligation; yet, a reading of the entire pleading leads to the conclusion that there is no set of facts that would impose on Marx to make any payment to plaintiffs based on their property loss.

In the section of the pleading titled "Causes of Action Against Marx," plaintiffs again make conclusory allegations against Marx, including allegations of misrepresentations, that would not withstand motions to dismiss under Rules 12(b)(6) or (9) of the Federal Rules of Civil Procedure. The only allegations of specific statements made by Marx to plaintiffs are of a nature that they could not plausibly lead to any recovery by plaintiffs against Marx.

The court does not accept the conclusory allegations and unwarranted deductions of fact, as alleged by plaintiffs, as true. Plaintiffs fail to satisfy their obligation to provide the grounds of their entitlement to relief, but do no more than provide labels and conclusions, and a formulaic recitation of the elements of causes of action. Plaintiffs' pleading provides no reasonable basis for predicting that plaintiff would produce sufficient evidence to sustain their claims against Marx.

Therefore, whether the court views the matter from an improper joinder standpoint or from the standpoint of Marx's motion to dismiss, plaintiffs cannot prevail.  Marx was improperly joined, and is entitled to be dismissed.

Without going into detail, the court has concluded that the same improper joinder analysis would be applicable to plaintiffs' pleaded claims against BCS and Harms, and that, for basically the reasons described above as to Marx, the motion to dismiss of BCS and Harms is meritorious.  The court is, by an appropriate order set forth below, recognizing, and giving effect to, the stipulation to dismiss the claims of BCS and Harms with prejudice.

C.  Conclusion

For the reasons stated above, the court has concluded that plaintiffs' motion to remand should be denied, that plaintiffs' claims against Marx should be dismissed pursuant to Rules 12(b)(6) and (9)(b), and that plaintiffs' claims against BCS and Harms should be dismissed.

III.

ORDER

Therefore,

The court ORDERS that all claims asserted in the above-captioned action by plaintiffs against Buchanan Clarke Schlader

Certified Public Accounts, L.L.P., Kurt Harms, and William Marx be, and are hereby, dismissed with prejudice; and

The court further ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to each of the dismissals ordered above.

SIGNED March 30, 2012.

                                             _____
                                             JOHN McBRYDE
                                             United States District Judge